**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jose Saravia, Individually and On Behalf of<br>Others Similarly Situated,<br>　　　Plaintiff, | § | |
| | | |
| V. | § | CIVIL ACTION NO. 4:25-cv-1359 |
| | | |
| Carlton Multi Services LLC, d/b/a Valet<br>Of America and Minh Quang Truong,<br>　　　Defendants. | §<br><br>§ | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Minh Quang Truong ("Truong") and his company Carlton Multi Services LLC doing business under the trade name Valet of America ("Carlton") (jointly "Defendants") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Jose Saravia ("Saravia" or "Plaintiff") is one of the workers hired by Defendant as an hourly employee and not paid overtime pay and brings this lawsuit against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1.　　Jose Saravia worked for Defendants as a valet from December 2020 until March 2025. Plaintiff's duties included, but were not limited to, parking and retrieving the vehicles of residents of the condominium complex called The River Oaks and carrying packages to the

apartments of residents.

2. During the time he worked for the Defendants, Saravia regularly worked more than 40 hours per week.

3. Defendants paid Saravia on an hourly basis. Defendants did not pay Saravia an overtime premium for any of the hours he worked over 40 in a workweek. Instead, Saravia was paid the same hourly rate for all the hours he worked ("straight time").

4. Saravia worked with other individuals who were paid on an hourly basis to park cars both at The River Oaks and other locations. These individuals were also valets who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked over 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

5. Management at The River Oaks also gave Defendants bonus payments to be paid to Saravia. Instead of paying Saravia all of the bonus payments they received from the building, Defendants instead took a portion of the payment (ostensibly for "taxes") and only gave Saravia a portion of those payments, keeping some for themselves.

6. Truong is an owner and control person of Carlton. Truong was involved in the control of all the decisions regarding hiring, firing, means and method of compensation of employees. Truong and Carlton are all joint employers of Saravia and all the Similarly Situated Workers.

7. Upon information and belief, Defendants pay most of their employees by electronic payment, straight time for all hours worked, with no taxed deducted. This payment practice, along with stealing portions of bonuses paid for the benefit of Saravia and other workers show that Defendants have and had full knowledge of the FLSA's overtime

requirements and still made the conscious and deliberate choice to violate them by paying Saravia and his coworkers hourly straight time pay.

## Allegations Regarding FLSA Coverage

8. Carlton is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

9. During each of the three years prior to this complaint being filed, Carlton was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

10. During each of the three years prior to this complaint being filed, Carlton regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

11. During each of the three years prior to this complaint being filed, Carlton conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

12. During each of the three years prior to this complaint being filed, Carlton's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas, including the motor vehicles that they drove as the major portion of their valet duties.

## Plaintiff's Claims

13. Defendants were legally required to pay Saravia and similarly situated valets

("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendants over 40 in any workweek and were legally required to pay Saravia and the other valets all the bonus payments remitted by Defendants' clients.

14.     Saravia worked over 40 hours in most workweeks that he worked for Defendants.

15.     Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

16.     Defendants did not pay Saravia time-and-a-half for any of the overtime hours that he worked for the Defendants, and did not pay him all the bonuses paid for him.  Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other valet parking companies that pay their employees all the money required by law.

17.     The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation and theft of bonuses with respect to Saravia and Similarly Situated Workers.  Such practices were and continue to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

### Causes of Action

### Violations of the FLSA

18.     Defendants violated the FLSA by failing to pay Saravia overtime pay for hours worked over 40 per workweek.

19.     Saravia has suffered damages as a direct result of Defendants' illegal actions regarding overtime pay.

20.     Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

21. Defendants also violated the FLSA by stealing portions of bonuses paid to Saravia and his coworkers.

22. Defendants knowingly stole bonus money and knowingly misclassified their valets as independent contractors and withheld the required overtime pay. Defendants were thus fully aware of their obligations to pay overtime and not steal bonus money yet continued to knowingly violate the FLSA's requirements. This means that the claims of the Plaintiff and Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

**Collective Action Allegations**

23. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying valets on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

24. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendant Carlton Mutli Services LLC d/b/a Valet of America as valets (no matter their specific title) who are/were employed by and paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

25. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

**Defendant, Jurisdiction, and Venue**

26.    Defendant Carlton Multi Services LLC is a an "employer" of Plaintiff as defined by the FLSA.  This Defendant may be served through its registered agent, Minh Quang Truong at 3722 Lake Falls Drive, Fulshear, Texas 77441.

27.    Defendant Minh Quang Truong may be served at 3722 Lake Falls Drive, Fulshear, Texas 77441.

28.    This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Demand for Jury**

29.    Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1.    Issuance of notice as soon as possible to all persons working as valets who are/were employed by and paid on an hourly basis by Defendant Carlton Multi Services LLC during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2.    Judgment against Defendant for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;

3.    An equal amount to the overtime wage damages as liquidated damages;

4.    Judgment against Defendant that its violations of the FLSA were willful;

5.    To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6.    All costs and attorney's fees incurred prosecuting these claims;

7.    Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

6

8.      For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF JOSE SARAVIA**