**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jose Saravia, Individually and on Behalf of Others Similarly Situated, <br>     *Plaintiff*, <br><br> v. <br><br><br> Carlton Multi Services LLC d/b/a Valet Of America and Minh Quang Troung, <br><br>     *Defendants*. | § § § § § § § § § § § § | CIVIL ACTION No.: 4:25-cv-1359 |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S**

**COLLECTIVE ACTIONS COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendants CARLTON MULTI SERVICES LLC D/B/A VALET OF

AMERICA AND MINH QUANG TROUNG (hereinafter "Defendants") in support thereof

would show the Court as follows:

> **I.     DEFENDANTS' ORIGINAL ANSWER**

> **A.  Summary of the Lawsuit**

Defendants admit that Plaintiff brings this action pursuant to the laws identified in his Summary

of the Lawsuit, but deny Plaintiff is entitled to relief under those laws.

> **B.  Factual Allegations**

1.  Defendants admit to the allegations contained in Paragraph 1 of Plaintiff's Complaint,

that Plaintiff worked for the Defendants at a condominium complex called River Oaks and Plaintiff's

duties included, but were not limited to, parking and retrieving the vehicles of residents of the

complex but denies the allegations as to dates of employment.

2.  Defendants deny the allegations contained in Paragraph 2.

3. Defendants admit the allegation in Paragraph 3 that Plaintiff was paid hourly but deny the remaining allegations.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

### C. Allegations regarding FLSA Coverage

8. Defendants admit that Carlton is a Texas limited liability company that is covered and subject to the overtime requirements of FLSA.

9. Defendants admit that during each of the three years prior to Plaintiff's Complaint being filed, Carlton was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting material through commerce, including the use of credit cards, phones, and/or cell phones, electronic mail or the internet.

10. Defendants admit to the allegations in Paragraph 10.

11. Defendants admit to the allegations in Paragraph 11.

12. Defendants admit to the allegations in Paragraph 12.

### D. Plaintiff's Claims

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 13 of Plaintiff's Complaint, and is therefore, denied.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17.  Defendants deny the allegations contained in Paragraph 17.

### E.  Causes of Action

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

### F.  Collective Action Allegations

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

### G.  Defendant, Jurisdiction and Venue

26. Defendants admit the allegations contained in Paragraph 26, that Defendant CARLTON MULTI SERVICES is an "employer" of Plaintiff as defined by the FLSA and the address is correct.

27. Defendants admit to the allegations contained in Paragraph 27, as to MR. TRUONG'S service address.

28.  Defendants admit to the allegations contained in Paragraph 27, that this Court has jurisdiction and that venue is proper pursuant to 28 U.S.C. Section 1391(b).

## II.    DEFNDANTS' AFFIRMATIVE DEFENSES

By way of further answer, Defendants state the following defenses and affirmative defenses:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted against Defendants.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

4. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

5. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

6. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

7. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Defendants' employees were not engaged to work.

8. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Texas and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Texas.

9. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

10. Plaintiff's action is barred because it seeks to recover for time that is de minimus

work time and thus not compensable under the FLSA.

11. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff

is barred from such recovery.

12. Without assuming the burden of proof, Plaintiffs were compensated for all hours worked

in excess of 40 hours in any particular workweek (as employees themselves reported their

time worked and punched in and out on a time clock) at a rate not less than that set forth

by the overtime provisions of the FLSA.

13. Without assuming the burden of proof, Defendants complied with all recordkeeping

requirements of the FLSA.

14. The Plaintiff's claims are estopped by the submission of his/their own time records, for

which Defendants compensated said employees for all overtime worked and claimed.

15. The alleged time for which Plaintiff seeks compensation is irregular as well a practically

and administratively difficult to record.

16.  Without assuming the burden of proof, the members of the purported class or collective

action are not similarly situated. The potential claims of the purported class members

reflect variability.

17.  Plaintiff has failed to mitigate the alleged damages.

18. Plaintiff's claim is barred, in whole or in part, by the doctrines of waiver, laches and

estoppel.

19. Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

20. Plaintiff's claim in barred, in whole or in part, by illegality.

21. Plaintiff is not entitled to any liquidated damages because any act or omission on the part of the Defendants was in good faith and Defendants had reasonable grounds for believing that their acts or omissions did not violate the FLSA.

22. To the extent that a court finds that Plaintiff is entitled to damages or penalties, as a matter of equity, Defendants are entitled to all credits and setoffs applicable and allowable under the FLSA, including but not limited to wages that Plaintiff was paid to which he was not entitled by law.

23. Plaintiff's claim is barred, in whole or in part, due to his failure to undertake reasonable steps to mitigate its alleged damages as required by law, its entitlement to which is expressly denied.

24. Some or all of Plaintiff's claims are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

25. If Plaintiff has been damaged as alleged, such damages have been caused by his own acts, by the acts of those other than Defendants, or by the acts for which Defendants are not responsible.

26. Plaintiff may not recover some or all of the relief requested in the Complaint because Defendants did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiff, at all times acted in good faith and with reasonable grounds for believing it had complied with the FLSA, and Plaintiff has failed to plead facts sufficient to support recovery of such damages.

27. Plaintiff's claims are barred, in whole or in part, because all or part of the time for which Plaintiff seeks compensation are preliminary or postliminary activities pursuant to the Portal-to-Portal Act, 29 U.S.C. 254(a), and are therefore not compensable.

28. Plaintiff's claim is barred, in whole or in part, because all or part of the time for which Plaintiff seeks compensation for alleged unpaid work hours worked does not constitute compensable time for the purposes of the FLSA.

29. Plaintiff's claim is barred, in whole or in part, because Plaintiff requests relief which exceeds that available under applicable law.

30.  Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

31. Defendants deny that Plaintiff is entitled to damages, liquidated and/or punitive damages, pre-or-post judgment interest, attorneys' fees, costs or expenses, or any other relief.

32. Defendant MINH TRUONG denies that Plaintiff is entitled to pierce the corporate veil of Defendant CARLTON MULTI SERVICES, LLC d/b/a VALET OF AMERICA and impose personal liability upon him, notwithstanding the statutory protections of TEX. BUS. ORG. CODE § 21.223.

33. Defendants plead that one or more of the employees whose claims form the basis of Plaintiff's claims are exempt from the FLSA's provisions, including its overtime provisions.

34. Defendants reserve the right to plead, assert and rely on all proper defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff, or as they become evident through discovery investigation.

35.  All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

**PRAYER**

WHEREFORE, Defendants pray that upon trial on the merits or other final disposition of this lawsuit, the Court enter judgment in favor of Defendants denying all claims and relief sought.

Dated:    August 5, 2025

Respectfully submitted,

Blair C. Maslowski
S.D. Tex. Bar No.: 3369071
Texas Bar No. 24123268
Email:blair.maslowski@coane.com
Bruce A. Coane
S.D. Tex. No. 7205
Texas Bar No. 04423600
Email: *bruce.coane@gmail.com*
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: (713) 850-0066
Facsimile: (832) 558-1780

8

## CERTIFICATE OF SERVICE

I certify that I filed DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT on August 5, 2025, with the United States District Court for the Southern District of Texas, Houston Division using the CM/ECF system pursuant to the Court's electronic filing requirements and served pursuant to the Federal Rules of Civil Procedure on the following:

Mr. Josef F. Buenker
The Buenker Law Firm
P.O. Box 10099
Houston, TX 77206
Tel.: (713)868-3388
Email: jbuenker@buenkerlaw.com
Attorney for Plaintiff

_____
Blair C. Maslowski

9